UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                  )
DUNKIN' BRANDS, INC.,                             )
  a Delaware Corporation,                         )
                                                  )
                         Plaintiff,               )
            v.                                    )
                                                  )        C.A. No.
                                                  )
BOSTON DONUTS, INC.,                              )
  a Massachusetts Corporation and                 )
EYAD NASHEF,                                      )
  a Citizen and Resident of Massachusetts,        )
                                                  )
                         Defendants.              )
_____)

## **COMPLAINT**

### **The Parties**

1.      Dunkin' Brands, Inc. ("Dunkin'") is a Delaware corporation with its principal

place of business at 130 Royall Street, Canton, Massachusetts.  It is engaged in the business of

franchising independent business persons to operate DUNKIN' DONUTS shops throughout the

United States.  DUNKIN' DONUTS franchisees are licensed to use the trade names, service

marks, and trademarks of DUNKIN' DONUTS and to operate under the DUNKIN' DONUTS

system, which involves the production, merchandising, and sale of doughnuts and related

products utilizing a specially designed building with special equipment, equipment layouts,

interior and exterior accessories, identification schemes, products, management programs,

standards, specifications, proprietary marks, and information.

2.      Upon information and belief, the defendant, Boston Donuts, Inc., is a Massachusetts corporation with its principal place of business at 338 Park Avenue, Worcester, Massachusetts 01610.  At all times relevant to this Complaint, defendant Boston Donuts, Inc. was the owner and operator of retail donut shops located at 338 Park Avenue, Worcester, Massachusetts 01610-1021; 449 Mechanic Street, Fitchburg, Massachusetts 01420; and 1313 Water Street, Fitchburg, Massachusetts 01420.

3.      Upon information and belief, the defendant, Eyad Nashef, is a citizen of the Commonwealth of Massachusetts who resides at 66 Beverly Hill Road, Shrewsbury, Massachusetts 01545.  Eyad Nashef is, upon information and belief, the president of Boston Donuts, Inc.

4.      In 2005, Dunkin' sued Gourmet Donuts, Inc. and others for trademark infringement and unfair competition concerning signage at the doughnut shop located at 338 Park Avenue, Worcester, Massachusetts 01610.  On information and belief, Eyad Nashef was a part owner of Gourmet Donuts, Inc. at that time.  In settlement of that case, the signage at that shop was changed from GOURMET DONUTS to BOSTON DONUTS, from Dunkin's rounded frankfurter font to a non-rounded font, and to colors other than orange or pink.

5.      The defendants are not Dunkin' franchisees and are not licensed to use the DUNKIN' DONUTS trademarks, trade name or trade dress.

## Jurisdiction and Venue

6.      This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a),  1121; 28 U.S.C. §§ 1331 and 1338.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Background Facts**

8.      Dunkin' is the franchisor of the Dunkin' Donuts franchise system.

9.      Dunkin' is the owner of the trademark, service mark, and trade name DUNKIN'

DONUTS, and related marks, and has used those marks and name continuously since

approximately 1960 to identify the doughnut shops owned and operated by Dunkin' Donuts

franchisees, and the doughnuts, pastries, coffee, and other products associated with those shops.

10.     Dunkin' owns numerous federal registrations for the mark DUNKIN' DONUTS.

Among those registrations is Registration No. 2,751,008 (attached hereto as Exhibit A).  This

registration is in full force and effect, and is incontestable, pursuant to 15 U.S.C. § 1065.

11.     The DUNKIN' DONUTS trademarks are utilized in interstate commerce.

12.     Dunkin' and its franchisees currently operate approximately 7,000 Dunkin'

Donuts shops in the United States and 3,000 outside of the United States.  In the more than fifty

years since the Dunkin' Donuts system began, hundreds of millions of consumers have been

served in Dunkin' Donuts shops.

13.     The DUNKIN' DONUTS marks have been very widely advertised and promoted

by Dunkin' over the years.  Dunkin' and its franchisees have expended hundreds of millions of

dollars in advertising and promoting the DUNKIN' DONUTS marks over the last forty years.

14.     As a result of the extensive sales, advertising, and promotion of items identified

by the DUNKIN' DONUTS marks, the public has come to know and recognize the DUNKIN'

DONUTS marks, and to associate them exclusively with products and services offered by

Dunkin' and its franchisees.  The DUNKIN' DONUTS marks are among the best and most

widely known trademarks in the United States today, and are assets of inestimable value to

Dunkin', representing and embodying Dunkin's considerable goodwill and favorable reputation.

15.     Upon information and belief, the defendants are owners, managers, and/or

operators of retail doughnut shops located at 449 Mechanic Street, Fitchburg, Massachusetts

01420 and 1313 Water Street, Fitchburg, Massachusetts 01420, imitating the DUNKIN'

DONUTS trademarks without the consent or license of Dunkin'.

16.     On or about January 20, 2011, Dunkin' notified defendant Eyad Nashef that the

use of the type style and color scheme on his BOSTON DONUTS exterior signs at the 1313

Water Street, Fitchburg, Massachusetts location constituted an unlawful infringement upon

DUNKIN' DONUTS' trademarks, trade name, and trade dress, and demanded that the infringing

activities cease (Exhibit B).  To date, the infringement continues.

17.     On or about September 1, 2010, Dunkin' notified defendant Eyad Nashef that the

use of the word "TURBO" in signs at his Boston Donuts shops at 338 Park Avenue, Worcester,

Massachusetts 01610 and 449 Mechanic Street, Fitchburg, Massachusetts 01420 is designed to

willfully trade on Dunkin's reputation and, as such, constitute a violation of the Lanham Act and

demanded that defendant permanently remove the "Turbo" Trademark from signs at those and/or

any other location (Exhibit C).  To date, Dunkin' has not received any response from defendants

to its September 2010 letter.

18.     On March 14, 2011, defendants submitted a proposed sign to replace the

offending signs at the two Fitchburg shops.  Dunkin' agreed to the proposed sign four days later,

on March 18, 2011, and sent a proposed Settlement Agreement to defendants' attorney on May

25, 2011 (Exhibit D).  Almost two months later, defendants, through their attorney, advised

4

Dunkin' that they were "working on the time requirements" to have the signs fabricated and installed.

19.     In subsequent exchanges of emails and telephone calls, defendants continuously pushed back the dates when they said they would install the new signs to the end of January 2012 and replace existing infringing material and inventory to May 31, 2012.

20.     Dunkin' repeatedly asked defendants to provide documentation to support their claimed need for such a long time to change offending signs and material.  No such documentation has been provided to Dunkin' by defendants.  Instead, defendants stated that the only way they could "speed things up" was if Dunkin' was willing to contribute to the cost of the new signs and print goods.  Dunkin' declined that "offer" the same day it was made.

21.     Visits to each location on June 12, 2012 established that the exterior signs at the Water Street and Mechanic Street locations have not been changed.

## Count I
## (Trademark Infringement)

22.     Dunkin' realleges paragraphs 1-21.

23.     A sign attached to the exterior of the defendant's shop at 1313 Water Street, Fitchburg, Massachusetts displays the words "BOSTON DONUTS" in an identical or substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donut shops operated by Dunkin' licensees (see photo attached hereto as Exhibit E).

24.     The defendants' shop at 1313 Water Street, Fitchburg, Massachusetts uses a roadside sign prominently displaying the words "BOSTON DONUTS" in an identical or

substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donuts

shops operated by Dunkin' licensees (see photo attached hereto as Exhibit F).

25.    A sign attached to the exterior of the defendant's shop at 449 Mechanic Street,

Fitchburg, Massachusetts displays the words "BOSTON DONUTS" in an identical or

substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donut

shops operated by Dunkin' licensees (see photo attached hereto as Exhibit G).

26.    The defendants' shop at 449 Mechanic Street, Fitchburg, Massachusetts uses a

roadside sign prominently displaying the words "BOSTON DONUTS" in an identical or

substantially indistinguishable lettering style and coloring scheme as that used at Dunkin' Donuts

shops operated by Dunkin' licensees (see photo attached hereto as Exhibit H).

27.    Defendants' imitation of the mark DUNKIN' DONUTS to identify the doughnut

shops in Fitchburg, Massachusetts is likely to confuse or deceive the public into believing,

contrary to fact, that these shops are licensed, franchised, sponsored, authorized or otherwise

approved by Dunkin', or is in some other way connected or affiliated with Dunkin'.  Such

imitation infringes Dunkin's exclusive right in the DUNKIN' DONUTS trademarks under § 32

of the Lanham Act, 15 U.S.C. § 1114.

28.    Defendants' acts were done knowingly and intentionally to cause confusion, or to

cause mistake, or to deceive.

29.    As a result of the defendants' infringement of the DUNKIN' DONUTS marks,

Dunkin' has suffered and is continuing to suffer irreparable injury, and has incurred and is

continuing to incur monetary damage in an amount that has yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Dunkin' prays that this Court:

A.      Enjoin each defendant, and all those acting in concert with any of them, by preliminary and permanent injunction, from infringing upon the DUNKIN' DONUTS trademark, service marks, trade name, or trade dress, and from otherwise engaging in unfair competition with Dunkin';

B.      Enjoin each defendant to replace existing exterior signage at the two Fitchburg shops with signs identical to what appears on Exhibit D.

C.      Enjoin each defendant to replace their existing printed goods and materials bearing the design or logo currently used in all of their shops and replace them with printed goods and materials displaying a design or logo similar to that in Exhibit D.

D.      Enjoin each defendant to file with the Court and serve on Dunkin', within thirty days after the service upon the defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which each defendant has complied with the injunction;

E.      Award Dunkin' judgment against each defendant for the damages Dunkin' has sustained and the profits each defendant has derived as a result of its trademark infringement, or such damages the Court deems just, that such damages be assessed in a separate accounting procedure and trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

F.      Award Dunkin' prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

G.      Award Dunkin' such exemplary or punitive damages against each defendant as are deemed appropriate because of the willful and malicious nature of the each defendants' conduct;

H.      Award Dunkin' its costs and attorneys' fees incurred in connection with this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117; and

I.      Award Dunkin' such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Robert A. Murphy_____
Robert A. Murphy, BBO #363700
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900
rmurphy@casneredwards.com

Attorney for Plaintiff
Dunkin' Brands, Inc.

Dated:  June 22, 2012

3648.140/533439.1

8